Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ASOCIACIÓN DE RESIDENTES UNIDOS VALLE ANDALUCÍA, INC.<br><br>Apelantes<br><br>v.<br><br>ÁLVARO LUGO MEDINA Y OTROS<br><br>Apelados | KLAN202300363 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Municipal de Ponce<br><br>Caso número: PO2022CV01516<br><br>Sobre: Cobro de Dinero - Regla 60 |

Panel integrado por su presidenta, la juez Domínguez Irizarry, la juez Rivera Marchand y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

Comparece la parte apelante, Asociación de Residentes Unidos Valle Andalucía, Inc., y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Municipal de Ponce, el 16 de marzo de 2023, notificada el 27 del mismo mes y año. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la demanda sobre cobro de dinero sumario incoada por la parte apelante y, en su consecuencia, archivó el caso.

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado.

**I**

El 9 de junio de 2022, la Asociación de Residentes Unidos Valle Andalucía, Inc. (Asociación o apelante) incoó una *Demanda* sobre cobro de dinero, al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, en contra de Álvaro Lugo Medina (Lugo Medina o apelado) y Michelle Ramos Román (Ramos Román), por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos.[1] Alegó que la parte

---

[1] Exhibit II del recurso, págs. 9-11. Junto a su acción, la Asociación incluyó los siguientes documentos: (1) copia de una carta de cobro, con acuse de recibo, dirigida a Lugo Medina,

Número Identificador

SEN2023 _____

apelada era titular de un inmueble sito en la Urbanización Valle de Andalucía, en el Municipio de Ponce (Urbanización). Indicó que la Urbanización tenía acceso controlado y las residencias que la componían estaban gravadas con condiciones restrictivas, entre las cuales se encontraba el pago de una cuota mensual de $60.00, destinada a cubrir los gastos de administración, mantenimiento y control de acceso de la Urbanización. Arguyó que la parte apelada había incumplido con dicha obligación, por lo que, al 30 de mayo de 2022, adeudaba $5,544.00 por concepto de cuotas de mantenimiento y recargos. Sostuvo que había realizado gestiones extrajudiciales para requerir el pago de la cantidad adeudada. Planteó, además, que la deuda estaba vencida, líquida y exigible. En virtud de lo anterior, solicitó el pago de $5,544.00 por cuotas adeudadas, costas y $1,108.80 por honorarios de abogado, así como las cuotas mensuales e intereses que se continuaran acumulando hasta el saldo de la deuda.

Luego de adquirir jurisdicción sobre la parte apelada mediante la correspondiente notificación-citación, el 20 de julio de 2022, en lo que debió ser el juicio en su fondo, Lugo Medina compareció sin representación legal porque, según adujo, su abogado no pudo estar presente en la vista. A su vez, Lugo Medina reconoció que le adeudaba dinero a la Asociación.[2] En vista de ello, el Tribunal de Primera Instancia expresó que la parte apelada tenía derecho a un nuevo señalamiento, sin que la parte apelante le notificara la citación nuevamente. Por tanto, señaló el juicio en su fondo para el 18 de agosto de 2022.

Llegada la fecha para el juicio en su fondo, Lugo Medina compareció nuevamente por derecho propio, toda vez que, según alegó, su

---

con fecha del 31 de enero de 2022; (2) copia de *Declaración Jurada* suscrita por Marieli Rodríguez Ruiz, con fecha del 6 de junio de 2022; (3) copia de *Certificación de Deuda*, con fecha del 16 de mayo de 2022; (4) copia incompleta del Reglamento de la Asociación, según enmendado; (5) copia incompleta de la Escritura Núm. 61 sobre los *Acuerdos de Restricciones de Valle de Andalucía*, con fecha del 16 de febrero de 1999; (6) copia de *Certificación de Propiedad Inmueble*, con fecha del 3 de mayo de 2022; (7) copia de *Certificado de Cumplimiento ("Good Standing")*, con fecha del 14 de enero de 2022. Véase, Exhibit II del recurso, págs. 12-22.
[2] Exhibit IV del recurso, pág. 31.

representación legal había sido operada.[3] Por otro lado, la abogada de la Asociación informó que había intentado establecer un diálogo entre las partes, pero no llegaron a un acuerdo sobre el proceso y la deuda. A preguntas del foro recurrido sobre la comunicación entre las partes, Lugo Medina planteó que el procedimiento no se había hecho como lo establecía el Reglamento de la Asociación.

Según surge de la *Minuta*, las partes informaron estar preparadas para presentar el caso. La abogada de la Asociación expuso que sometería el caso por los documentos que constaban en el expediente. Por su parte, Lugo Medina indicó haber examinado los documentos presentados en la demanda, por lo que fue juramentado y expuso su testimonio ante el foro *a quo*. Después de un breve receso, la abogada de la Asociación solicitó que se transfiriera la vista para poder presentar el historial completo de la deuda. Asimismo, solicitó que se convirtiera el caso en uno ordinario. En respuesta, Lugo Medina se opuso a la conversión.

Así las cosas, la parte apelante comenzó el desfile de prueba testifical, el cual consistió en el testimonio bajo juramento de Ángel L. Rivera Ortiz (Rivera Ortiz), quien fue contrainterrogado por Lugo Medina. Surge de la *Minuta* que la parte apelada alegó haber hecho un ofrecimiento a la Junta de la Asociación, basado en un término de cuarenta y ocho (48) meses. Además, señaló que el "Código Civil Enmendado" establecía que las deudas, después de sesenta (60) meses, prescribían. Posteriormente, la abogada de la Asociación interrogó a Lugo Medina.

Culminado el desfile de prueba, el Tribunal de Primera Instancia instruyó a Lugo Medina para que le informara a su representación legal de lo sucedido en sala y que presentara un proyecto de sentencia. De la misma manera, ordenó a la parte apelante a presentar un proyecto de sentencia donde se atendieran las preocupaciones del tribunal con relación a la prueba de referencia y la prueba necesaria para demostrar que la deuda era líquida y exigible. Ello, en atención a que la declaración jurada

---

[3] Exhibit V del recurso, págs. 32-34.

presentada fue suscrita por una persona distinta al testigo Rivera Ortiz. En virtud de lo anterior, concedió a las partes el término de veinte (20) días para presentar sus respectivos proyectos.

Luego de asumir la representación legal de Lugo Medina, el 7 de septiembre de 2022, su abogado solicitó una prórroga de veinte (20) días para cumplir con lo ordenado.[4] Evaluado el petitorio, el 8 de septiembre de 2022, notificado el 12 del mismo mes y año, el foro primario concedió la prórroga solicitada.[5]

Vencida la prórroga otorgada, el 27 de octubre de 2022, la Asociación presentó una *Moción Solicitando se Tenga por Sometido el Caso*.[6] Sostuvo que, al no existir nada pendiente y habiéndose celebrado el juicio en su fondo, en el cual la parte apelada reconoció la existencia de la deuda, procedía que se tuviera por sometido el asunto y se dictara sentencia de conformidad con la demanda y los testimonios vertidos en el juicio.

Entendido lo anterior, el 8 de noviembre de 2022, notificado el 10 del mismo mes y año, el foro *a quo* ordenó a la parte apelada presentar su posición en un término fatal de diez (10) días, so pena de conceder lo solicitado por la parte apelante.[7]

Transcurrido el referido término, el 22 de noviembre de 2022, la Asociación instó una *Moción en Solicitud de Remedio*.[8] Indicó que, siendo el procedimiento uno de naturaleza sumaria, el cual se había extendido exclusivamente por solicitudes de la parte apelada, procedía que se dictara sentencia. Ello, de conformidad con la prueba desfilada en el juicio en su fondo, incluyendo la aceptación bajo juramento de Lugo Medina de la existencia de la deuda.

En desacuerdo, al día siguiente, Lugo Medina replicó.[9] Sostuvo que, en cumplimiento con lo ordenado por el foro de instancia, el 11 de octubre

---

[4] Exhibit VII del recurso, págs. 38-40.
[5] Exhibit VIII del recurso, pág. 42.
[6] Exhibit X del recurso, págs. 45-46.
[7] Exhibit XI del recurso, pág. 47.
[8] Exhibit XII del recurso, págs. 48-49.
[9] Exhibit XIII del recurso, págs. 50-57.

de 2022, había presentado el proyecto de sentencia requerido. Realizó un recuento de lo sucedido en el juicio en su fondo, según surgía de una regrabación a esos efectos, y alegó que la parte apelante no tuvo disponible la prueba para sustentar la alegada deuda en la vista. Particularizó que la parte apelante reconoció que no poseía un desglose o auditoría de la deuda; sin embargo, presentó el testimonio de Rivera Ortiz, vicepresidente de la Junta de Directores de la Asociación, para intentar acreditar el alegado monto de la deuda. Según adujo, el testigo Rivera Ortiz declaró que había revisado un documento donde indicaba que Lugo Medina adeudaba noventa y un (91) pagos de $60.00 por cuotas de mantenimiento mensual, así como noventa (90) pagos de $3.00 por concepto de mora mensual. Lugo Medina arguyó que dicho documento no fue presentado en evidencia y que el mencionado testigo no pudo precisar la cantidad adeudada, ya que no tenía consigo el documento que revisó. Alegó que la parte apelante intentó establecer el monto de la deuda mediante la presentación de una declaración jurada suscrita por la presidenta de la Junta de Directores de la Asociación, Marieli Rodríguez Ruiz (Rodríguez Ruiz); persona que no testificó en el juicio en su fondo y documento que, según planteó, no fue autenticado. Por último, sostuvo que, si bien había reconocido la existencia de una deuda por concepto de cuotas de mantenimiento de la Urbanización, no había aceptado la cuantía reclamada en la acción de epígrafe.

Evaluadas las posturas de las partes, el foro recurrido les ordenó que presentaran los proyectos de sentencia para resolver el pleito.[10]

Presentados los respectivos proyectos de sentencia, el 16 de marzo de 2023, notificada el 27 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Sentencia* que nos ocupa.[11] Concluyó que la deuda reclamada no era líquida, vencida y exigible. Ello, ante la ausencia de prueba admisible para establecer el monto de la alegada deuda y

---

[10] Exhibit XIV del recurso, pág. 58.
[11] Exhibit I del recurso, págs. 1-8.

existiendo controversia sobre dicha cantidad, conforme a la defensa de prescripción levantada por Lugo Medina. En su consecuencia, declaró No Ha Lugar la acción de epígrafe y ordenó el archivo del caso.

Inconforme, el 26 de abril de 2023, la parte apelante acudió ante esta Curia mediante el recurso de epígrafe y señaló los siguientes errores:

Erró el TPI al dictar sentencia declarando No Ha Lugar la demanda pese al reconocimiento de deuda por el demandado-apelado.

Erró el TPI al dictar sentencia declarando No Ha Lugar la demanda fundamentado en que la deuda no es una l[í]quida, vencida y exigible.

Erró el TPI al no conceder la conversión del caso a uno ordinario solicitada por la parte demandante-apelante.

En cumplimiento con nuestra *Resolución* del 27 de abril de 2023, el 30 de mayo de 2023, la parte apelada compareció mediante *Alegato en Oposición*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, establece un proceso sumario de cobro de dinero, en el cual las demás reglas de procedimiento civil para trámites ordinarios aplican de manera supletoria, siempre que no menoscaben la disposición sumaria del asunto. *RMCA v. Mayol Bianchi*, 208 DPR 100 (2021). El propósito primordial de la referida regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro. v. S.L.G.*, 156 DPR 88, 97 (2002). (Énfasis omitido). En particular, la Regla 60 de Procedimiento Civil, *supra,* dispone lo siguiente:

Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será

expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de [e]sta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el tribunal dictará sentencia conforme a lo establecido en la Regla 45. **Si se demuestra al tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá motu proprio ordenarlo**, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario. (Énfasis nuestro).

Según surge de la precitada Regla 60, existen varias instancias en las cuales es viable convertir una causa de acción incoada bajo esta regla en un procedimiento ordinario, a saber: (1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) si, en el interés de la justicia, las partes solicitan que el pleito continúe bajo el trámite civil ordinario; y (3) si, partiendo de ese mismo interés, el tribunal *motu proprio* lo ordena. *RMCA v. Mayol Bianchi*, supra, pág. 108, citando a *Cooperativa v. Hernández Hernández*, 205 DPR 624, 637-638 (2020). Si bien ambas partes tienen derecho a solicitar la conversión del procedimiento, ello no

implica que automáticamente la conversión deba ser concedida, sino que el foro de origen debe sopesar los méritos de la solicitud. *Cooperativa v. Hernández Hernández*, supra, pág. 637.

Por otro lado, en una acción de cobro de dinero, la parte demandante tiene que probar ser la acreedora de una deuda vencida, líquida y exigible. *RMCA v. Mayol Bianchi*, supra, pág. 108; *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001). Sobre ese particular, el Tribunal Supremo de Puerto Rico definió que es *líquida* aquella deuda cierta y determinada, mientras que se considera *exigible* porque puede demandarse su cumplimiento. *Íd.* Es decir que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está vencido". *Íd.*, citando a *Guadalupe v. Rodríguez*, 70 DPR 958, 966 (1950). (Énfasis omitido).

El hecho de que la deuda sea líquida y exigible en una demanda sobre cobro de dinero al amparo de la Regla 60 de Procedimiento Civil, *supra*, es un elemento que, además de la notificación-citación, debe ser superada por la parte promovente para que el tribunal pueda atender todas las cuestiones litigiosas y dictar sentencia inmediatamente. *RMCA v. Mayol Bianchi*, supra, pág. 109; *Cooperativa v. Hernández Hernández*, supra, pág. 636, citando a *Asoc. Res. Colinas Metro v. S.L.G.*, supra, pág. 100. Respecto a ello, nuestro más Alto Foro, citando al profesor Rafael Hernández Colón, señaló que la reclamación sustancial que pueda tener la parte demandada que requiera la conversión del procedimiento puede ser "porque el derecho de cobro no surge claro, se necesita hacer descubrimiento de prueba, se tiene una reconvención compulsoria o se necesita añadir un tercero demandado, entre otras cosas". *Íd.*, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2404, pág. 629.

**B**

Sabido es que este Tribunal Apelativo actúa, esencialmente, como foro revisor. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Es por ello que, nuestra encomienda principal es examinar cómo los tribunales inferiores aplican el Derecho a los hechos particulares de cada caso. *Íd*. Cónsono con lo anterior, el desempeño de nuestra función revisora se fundamenta en que el Tribunal de Primera Instancia desarrolle un expediente completo que incluya los hechos que haya determinado ciertos a partir de la prueba que se le presentó. *Íd*. Es decir, nuestra función de aplicar y pautar el Derecho requiere saber cuáles son los hechos, tarea que corresponde, primeramente, al foro de instancia. *Íd*. Como foro apelativo, no celebramos juicios plenarios, no presenciamos el testimonio oral de los testigos, no dirimimos credibilidad y no hacemos determinaciones de hechos. *Íd.* Esa es la función de los tribunales de primera instancia. *Íd*.

Por el contrario, al momento de analizar prueba documental, prueba pericial o testimonios de testigos ofrecidos mediante declaraciones escritas, estamos en la misma posición que el Tribunal de Primera Instancia. *Ortiz et al. v. S.L.G. Meaux*, 156 DPR 488, 495 (2002). Así, "el Tribunal Apelativo tendrá la facultad para adoptar su propio criterio en la apreciación y evaluación de la prueba pericial, y hasta para descartarla, aunque resulte técnicamente correcta". *Santiago Ortiz v. Real Legacy et al*., 206 DPR 194, 219 (2021), citando a *González Hernández v. González Hernández*, 181 DPR 746, 777 (2011). Asimismo, es norma básica que las conclusiones de derecho son revisables en su totalidad por el foro apelativo. *Dávila Nieves v. Meléndez Marín*, supra, pág. 770. Ahora bien, como norma general, los tribunales apelativos aceptan como correctas las determinaciones de hechos de los tribunales inferiores, así como su apreciación sobre la credibilidad de los testigos y el valor probatorio de la prueba presentada en la sala. *Íd*., pág. 771.

En nuestro ordenamiento jurídico no se favorece la intervención de los foros apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia, en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Hernández Doble*, 210 DPR 850 (2022); *Santiago Ortiz v. Real Legacy et al.*, supra. Ello, debido a que el foro de instancia está en mejor posición que un tribunal apelativo para llevar a cabo esta importante tarea judicial. *Dávila Nieves v. Meléndez Marín*, supra, pág. 771.

En consideración a la norma de corrección que cobija a las determinaciones realizadas por el Tribunal de Primera Instancia, cuando una parte peticionaria señala errores dirigidos a cuestionar la apreciación o suficiencia de la prueba, la naturaleza del derecho apelativo requiere que esta ubique al foro revisor en tiempo y espacio de lo ocurrido en el foro primario. Ello se logra utilizando alguno de los mecanismos de recopilación de prueba oral, como lo son: (1) transcripción de la prueba, (2) exposición estipulada o (3) exposición narrativa. *Pueblo v. Pérez Delgado*, 2023 TSPR 35, 211 DPR ___ (2023). Los tribunales de mayor jerarquía no pueden cumplir a cabalidad su función revisora sin que se le produzca, mediante alguno de estos mecanismos, la prueba que tuvo ante sí el foro primario. *Íd.*

A la luz de la normativa antes expuesta, procedemos a disponer de la controversia ante nuestra consideración.

**III**

Como primer señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia erró al dictar sentencia declarando No Ha Lugar la demanda de epígrafe, pese al reconocimiento de la deuda por la parte apelada. En su segundo señalamiento de error, plantea que el foro primario incidió al fundamentar el referido dictamen en que la deuda no es líquida, vencida y exigible. A su vez, como tercer y último señalamiento de error, alega que el foro *a quo* erró al no conceder su solicitud para la

conversión del caso a uno ordinario. Por estar los errores relacionados entre sí, los discutiremos conjuntamente.

Conforme esbozáramos previamente, como norma general, los tribunales apelativos aceptamos como correctas las determinaciones de hechos de los tribunales inferiores, así como su apreciación sobre la credibilidad de los testigos y el valor probatorio de la prueba presentada en la sala. Los foros apelativos no debemos intervenir con la apreciación de la prueba de los foros primarios, salvo que exista pasión, prejuicio, parcialidad o error manifiesto. Es decir, el foro primario merece deferencia ante planteamientos de error sobre admisibilidad de la prueba presentada y la apreciación que le confirió, especialmente ante la ausencia de una transcripción de los procedimientos que nos ponga en posición de lo contrario. En el caso de autos, la parte apelante no sometió copia de la transcripción de la prueba oral vertida en el juicio en su fondo, por lo que, en su ausencia, se presumen correctas las determinaciones de hechos desglosadas por el foro *a quo*. En ese sentido, nuestra intervención se ciñe a atender cuestiones puramente normativas a la luz de la prueba expresamente contenida en el expediente apelativo que atendemos.

Luego de examinar sosegadamente el expediente ante nos, se desprende claramente que la deuda reclamada por la parte apelante no era cierta, ni determinada. Surge del expediente ante nos que, junto a la demanda, se incluyó una *Declaración Jurada*,[12] así como una *Certificación de Deuda*,[13] suscritas ambas por la presidenta de la Junta de Directores de la Asociación, Rodríguez Ruiz. En dichos documentos, Rodríguez Ruiz certificó que la parte apelada había incumplido con el pago de la cuota de administración y mantenimiento adeudando, al 30 de mayo de 2022, la suma de $5,544.00 de principal y recargo, correspondientes a ochenta y ocho (88) mensualidades vencidas. No obstante, de la *Minuta* del juicio en su fondo, Rodríguez Ruiz no aparece como testigo de la parte apelante. El

---

[12] Véase, Exhibit II del recurso, pág. 14.
[13] Íd., pág. 15.

único testimonio presentado por dicha parte fue el del vicepresidente de la Junta de Directores de la Asociación, Rivera Ortiz. Sobre ese particular, la parte apelante sostiene que, en la fecha pautada inicialmente para el juicio contaba con la disponibilidad de Rodríguez Ruiz para testificar.[14] Adujo que, sin embargo, para la fecha en que se celebró el juicio en su fondo, la referida funcionaria no pudo comparecer, por lo que optó por el testimonio de otro integrante de la Junta de Directores de la Asociación. De la referida *Minuta*, tampoco surge que la parte apelante presentara testimonio o prueba adicional para sustentar el monto de la deuda alegado en su demanda.

En apoyo de su contención, la parte apelante sostiene que el apelado reconoció la deuda objeto del pleito. No obstante, de la *Minuta* del juicio en su fondo, así como de la totalidad del expediente, no surge que el apelado reconociera el monto total de la referida deuda. De hecho, este último sostuvo que existían controversias al respecto y levantó la defensa de prescripción sobre la cantidad de meses presuntamente adeudados. Ante dicho escenario, la parte apelante falló en demostrar, tanto por la vía documental como testimonial, que existía una deuda líquida y exigible, incumpliendo así con las exigencias de la Regla 60 de Procedimiento Civil, *supra*.

De una revisión de la prueba documental, así como de la *Minuta* levantada sobre el juicio en su fondo, reiteramos que la prueba presentada por la parte apelante no demostró la cantidad exacta que el apelado presuntamente adeudaba por concepto de cuotas de mantenimiento vencidas. Si bien la parte apelante demostró que la obligación de pago contraída por el apelado era válida y no se había cumplido, falló en probar que la deuda de este último era una líquida y exigible. La parte apelante tuvo la oportunidad para presentar prueba en apoyo de su acción, así como del testimonio de su testigo, y, aun cuando ostentó tenerla, no la produjo. Como hemos manifestado, es la parte promovente de una acción como la

---

[14] Véase, *Apelación*, pág. 10.

de epígrafe, quien tiene el peso probatorio y, por consiguiente, debe presentar evidencia de ser la acreedora de una deuda vencida, líquida y exigible. En el caso de autos, fue la juzgadora de instancia quien pudo apreciar el comportamiento de los testigos y la forma en que declararon, así como la naturaleza o carácter de su testimonio.

Por otro lado, se desprende de la referida *Minuta* que, previo al testimonio de Ruiz Ortiz, la parte apelante solicitó que se transfiriera la vista y se convirtiera el caso en uno ordinario, para poder presentar el historial completo de la deuda. Sobre dicha solicitud, la parte apelante plantea que, ante el cuestionamiento en corte abierta de la cuantía de la deuda, la ausencia de su testigo principal y de información pertinente no disponible para sí frente a dichos planteamientos presentados por el apelado, optó por hacer el petitorio de transferencia de vista o, en la alternativa, de conversión del procedimiento en uno ordinario.[15] Evaluada la *Minuta* del juicio en su fondo, se desprende que el apelado se opuso a lo anterior y que el foro recurrido no concedió la solicitud de transferencia o de conversión.

Al entender sobre la presente causa, no identificamos las instancias en las cuales es viable convertir en un procedimiento ordinario una causa de acción incoada bajo el procedimiento sumario que establece la precitada Regla 60. La solicitud de conversión presentada por la parte apelante, además de plantearse en la alternativa, se realizó en corte abierta durante un juicio en su fondo del cual no contamos con una transcripción de la prueba oral que nos ponga en posición de sustituir el criterio del Tribunal de Primera Instancia. Por consiguiente, su proceder merece deferencia pues, según antes detallado, salvo que exista pasión, prejuicio, parcialidad o error manifiesto, los foros revisores no debemos intervenir con la apreciación de la prueba del foro de origen.

Examinado con detenimiento el recurso ante nos, así como la prueba documental que obra en autos, a nuestro juicio, el foro primario no

---

[15] Véase, *Apelación*, pág. 10.

incidió en su proceder. En consecuencia, nos resulta forzoso concluir que los errores imputados por la parte apelante no se cometieron.

**IV**

Por los fundamentos que anteceden, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones