EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Diómedes Ortiz Malvé<br>Nilda Elba Rodríguez, etc.<br>    Recurridos<br><br>       v.<br><br>Luis Jaime Meaux, Edna Rivera y la<br>Sociedad legal de gananciales por<br>ellos compuesta<br>   Peticionarios | Certiorari<br><br>2002 TSPR 40<br><br>156 DPR ____ |

Número del Caso: CC-2000-805


Fecha: 4/abril/2002


Tribunal de Circuito de Apelaciones:
                        Circuito Regional VI


Juez Ponente:
                Hon. Ismael Colón Birriel


Abogado de la Parte Peticionaria:
                Lcdo. Julio Eduardo Torres


Abogado de la Parte Recurida:
                Por Derecho Propio


Materia: Daños y Perjuicios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Diómedes Ortiz Malavé
Nilda Elba Rodríguez, etc.

    Recurridos

      v.                            CC-2000-805

Jaime Meaux, Edna Rivera y la
Sociedad legal de gananciales
por ellos compuesta

    Peticionarios

Opinión del Tribunal emitida por la Juez Asociada señora Naveira de Rodón

San Juan, Puerto Rico a 4 de abril de 2002

**El eje central del asunto ante nos está enmarcado dentro de las disposiciones de la Regla 16 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII.  En virtud de lo establecido en dicha Regla, específicamente en su inciso (E)(2), nos corresponde determinar si erró el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) al denegar una solicitud para que se elevara prueba documental que, según los apelantes, aquí peticionarios, es pertinente para evaluar una determinación del Tribunal de Primera**

Instancia en torno a una controversia sobre colindancias entre fincas.

A continuación un resumen de los hechos relevantes al asunto que nos ocupa.

I

El Sr. Diómedes Ortiz Malavé, su esposa, la Sra. Nilda Elba Rodríguez y la sociedad legal de gananciales compuesta por ambos (en adelante esposos Ortiz Rodríguez o recurridos) presentaron una acción de daños y perjuicios contra el Sr. Luis Jaime Meaux, su esposa, la Sra. Edna Rivera y la sociedad legal de gananciales por éstos compuestas (en adelante esposos Meaux Rivera o peticionarios). En dicha acción alegaron ser los dueños de una parcela de terreno de 12.2960 cuerdas, ubicada en el Barrio Arenas del Municipio de Cidra que colinda por el lado Este con la propiedad de los esposos Meaux Rivera. Sostuvieron que durante los meses de enero y febrero de 1990, los peticionarios "de forma ilegal, intencional y negligente"[1], entraron a la parte posterior de su finca, aledaña al Río La Plata movieron tierra y la extrajeron para utilizarla como relleno en su propiedad.[2] Los recurridos estimaron en $100,000 los daños o merma de valor a su propiedad, más angustias mentales ascendente a $50,000. En consecuencia, solicitaron al entonces Tribunal Superior, Sala de Caguas,

---

[1] Palabras textuales utilizadas por los recurridos en la demanda que presentaran el 9 de mayo de 1990 en el entonces Tribunal Superior, Sala de Caguas.

Entre las medidas para detener el movimiento de tierras y la destrucción de la ribera del Río La Plata, los recurridos alegaron haber presentado querellas ante el Departamento de Recursos Naturales y el Cuerpo de Ingenieros de Estados Unidos.

[2] El inmueble de los esposos Ortiz Rodríguez fue descrito por el tribunal de instancia de la manera siguiente:

> Parcela C. Parcela de terreno de Doce (12) cuerdas con dos mil novecientos sesenta diez milésimas de cuerda (12.2960 cdas.), equivalentes a cuarenta y ocho mil trescientos veintiocho metros cuadrados con mil ciento noventa y siete diez milésimas de metro cuadrado (48, 328.1197 mc), radicada en el Barrio Arenas del término municipal de Cidra, Puerto Rico; colindando por el Norte, con la Carretera Estatal Número setecientos treinta y cinco; por el Sur, con el Río La Plata y terrenos de la parcela de la cual segrega; por

que condenara a los peticionarios a resarcir las sumas reclamadas, más la imposición de costas, gastos y honorarios de abogado. Los esposos peticionarios contestaron la acción. Alegaron que el movimiento de tierra se hizo en su finca ya que la parte posterior de la misma hasta el río, que los recurridos entienden suya, es realmente de su propiedad.

A solicitud de las partes el tribunal nombró al Ing. Jaime Isern Piñeiro como perito del tribunal para que éste fijara los puntos de colindancias. Así las cosas, la controversia se limitó a identificar el lugar por donde discurre la colindancia entre las fincas en la parte posterior aledaña al Río La Plata.

Celebrada la vista, aquilatados el informe del perito nombrado por el tribunal, la prueba documental, testifical y pericial presentada por ambas partes, se identificó el lugar por donde discurría la colindancia entre los predios. El foro de instancia le dio entera credibilidad al testimonio del ingeniero Isern Piñeiro. A la luz de ello resolvió que el movimiento y extracción de tierra fue hecho en la finca de los recurridos. Señaló que los peticionarios fueron negligentes al remover unos 12,268.37 metros cúbicos cuyo valor ascendía a $18,403 porque, a pesar de conocer desde que adquirieron su predio, que la cabida no era la que reflejaba la escritura de compraventa y que había diferencia en la colindancia con la finca de los recurridos, continuaron con las obras sin verificar si lo alegado por estos últimos era correcto. En consecuencia, emitió una sentencia en la cual declaró con lugar la demanda y le concedió a los esposos Ortiz Rodríguez la suma de $18,403 correspondiente al valor del material extraído, únicos daños que según dicho foro, éstos probaron, más las costas.

Inconforme con la sentencia, ambas partes apelaron al Tribunal de Circuito.[3] Los esposos recurridos Ortiz Rodríguez alegaron en esencia que el foro de instancia erró: al no permitir prueba sobre el costo de reponer

---

el Este, con terrenos de los hermanos Lanausse; y por el Oeste, con terrenos de la parcela de la cual se segrega.

[3] Ambas partes presentaron sendas mociones de determinaciones de hecho. Sin embargo, ambas fueron denegadas por el foro de instancia.

el predio afectado con la extracción de tierra a su condición original; al no considerar como daños el costo de acarrear el material de relleno hasta la finca y los gastos para regarlo y compactarlo; al no concederles una partida por concepto de angustias mentales y; al no imponer honorarios de abogado por temeridad e intereses desde la presentación de la demanda.

De otra parte, los peticionarios, esposos Meaux Rivera, alegaron que la determinación del foro de instancia fue incorrecta: al concluir que la colindancia que separa los predios entre las partes no discurre por el lugar establecido por dicho foro; al no aplicar las normas relativas a la reivindicación de inmuebles; al entender que fueron negligentes; al no aplicar las normas relativas al poseedor de buena fe y; al conceder una cuantía en daños basada en prueba especulativa. Acompañaron con el escrito de apelación una "Moción Solicitando se Ordene la Elevación de la Prueba", por existir documentos presentados por ambas partes, los cuales enumeró, difíciles de reproducir (planos y fotografías). Alegaron que éstos eran esenciales para el evaluar la corrección de la determinación del tribunal de instancia en torno a la identificación de colindancias.[4]

El Tribunal de Circuito consolidó los recursos y, mediante sentencia, modificó sólo "aquella parte del dictamen recurrido que no consideró como daños el costo de acarrear el material de relleno y los gastos para regarlo y compactarlo". En vista de lo anterior, devolvió el caso al foro recurrido para que, a la luz de la prueba ofrecida por los esposos Ortiz Rodríguez determinara los referidos daños y los añadiera a la compensación ya adjudicada. El Tribunal de Circuito nada dispuso en torno a la moción

---

[4] Entre los documentos necesarios para evaluar la controversia, pero difíciles de reproducir, señalaron los siguientes: (a) plano preparado por el Ing. Eladio Rodríguez; (b) fotografías presentadas por la parte demandada; (c) planos topográficos y otros documentos que acompañaron el informe del perito Isern Piñeiro; (d) plano de mensura del agrimensor César Dávila Santana presentado por la parte demandante; (e) mapa para tasadores del gobierno de Puerto Rico del área en controversia de 10 de diciembre de 1979, mapa número 299-069 presentado por la parte demandada; (f) plano de mensura de propiedad del Sr. Jaime Meaux radicado en el Bo. Arenas de Cidra, Puerto Rico preparado por el Ing. William Rodríguez; (g) ampliaciones certificadas de fotos del área en controversia de la oficina de fotogrametría de la Autoridad de Carreteras de Puerto Rico tomadas el 13 de mayo de 1992,

sobre la elevación de prueba documental presentada por los esposos peticionarios. Sólo se limitó a expresar en su sentencia que los documentos a los cuales los peticionarios hicieron referencia para determinar el lugar por donde discurría la colindancia, no "constituye[ro]n fuente documental a nivel apelativo, de la que podamos tomar conocimiento pues los apelados [peticionarios] no incluyeron dicha prueba como parte del recurso; prueba esencial para someter su posición al respecto.

En la solicitud de reconsideración a la sentencia del Tribunal de Circuito, los esposos Meaux Rivera adujeron en síntesis que si el foro apelativo hubiese considerado los documentos que éstos presentaron y que fueron admitidos en evidencia en el tribunal de instancia, el resultado en cuanto a la colindancia de las fincas hubiese sido a su favor.[5] Dicha moción fue denegada.

Inconforme los esposos Meaux Rivera acudieron ante nos mediante recurso de certiorari. El 21 de noviembre de 2000 expedimos el recurso y con el beneficio de los argumentos de las partes resolvemos el asunto que nos ocupa.

II

El inciso (E)(2) de la Regla 16 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A dispone, en lo pertinente, que "[c]uando la parte apelante interese que se considere en apelación cualquier prueba admitida que no sea de fácil reproducción, solicitará su elevación mediante una moción que deberá presentar con su escrito inicial."

Como ya hemos expresado, el asunto principal en el caso de autos está dirigido a determinar si como cuestión de hecho las obras realizadas por los esposos peticionarios fueron en su finca o en la de los recurridos.

---

8 de marzo de 1990, 10 de marzo de 1988 y 24 de marzo de 1977; y (h) foto tomada el 2 de marzo de 1988.

[5] Véase, esc. 4.

Es decir, la interrogante se limita al lugar por donde discurre la colindancia en la parte posterior de las fincas aledaña al Río La Plata.

Para poder impugnar adecuadamente el dictamen del foro instancia y refutar los documentos utilizados por el perito del tribunal, ingeniero Isern Pineiro, los peticionarios solicitaron al Tribunal de Circuito, el mismo día que presentaron el recurso de apelación que ordenara la elevación de la prueba documental presentada en el foro de instancia por ambas partes. Como razón para ello adujeron que la misma, por consistir de planos y fotografías, no podía ser reproducida con facilidad. En el escrito de apelación sostuvieron que dicha prueba documental, admitida, pero aparentemente, no considerada por el tribunal de instancia, [6] establecía claramente la "diferencia en vegetación entre la finca del demandante [recurridos] y el demandado [peticionarios]. [Lo que] permite concluir que ya para esa fecha [1977] el predio en controversia formaba parte de la finca del demandado."

Como podemos observar, la evidencia requerida por los peticionarios iba dirigida a demostrar la colindancia de los terrenos a fin de revisar el dictamen de instancia y establecer a cuál de las partes pertenecía el terreno del cual se extrajo la tierra.

## III

Luego de examinar los autos del Tribunal de Primera Instancia, Sala de Caguas, concluimos que los peticionarios tienen razón. Las fotos aéreas y planos sometidos en evidencia son muy grandes y, por su tamaño, se hace difícil y complicado el incluirlos en el Apéndice de un recurso. Resulta obvio que la reproducción de estos documentos en su tamaño real es sumamente difícil y si se reducen a papel de tamaño legal, perdería el efecto de lo que se pretende probar. Cabe señalar además que, como regla general, ni los tribunales ni los bufetes tienen el tipo de

---

[6] Dicha prueba consiste de: a) una foto aérea del 1977, de la División de Fotogrametría, de la Autoridad de Carreteras de Puerto Rico; b) un mapa para tasadores del E.L.A. de Puerto Rico de 1979; y c) fotos aéreas del 1988,

fotocopiadora especial que se necesita para esta clase de documentos.   Por lo tanto, para fotocopiarlos habría que obtener permiso del tribunal para desglosarlos y luego devolverlos.   Como se podrá observar, esto sería un procedimiento sumamente oneroso.   De otra parte, no cabe duda que dicha prueba era esencial para evaluar el recurso, pues era importante para que el Tribunal de Circuito tuviera todos los elementos necesarios para conocer con corrección a quién pertenecía el terreno.   Así fue reconocido por el por el propio Tribunal.

Así pues, habiendo los peticionarios solicitado oportunamente la elevación de la prueba, y señalado que la misma era esencial para que el Tribunal de Circuito pudiera tener todos los elementos para evaluar la apelación presentada, no había razón por la cual el foro apelativo no concediera lo solicitado.   Más aún cuando la Regla 16 de su Reglamento dispone específicamente para estas situaciones.   El Tribunal de Circuito abusó de su discreción al denegar la solicitud de la parte peticionaria de que se elevara la prueba documental que era de difícil reproducción.

IV

Finalmente no debemos olvidar la norma de que un tribunal apelativo no debe alterar las determinaciones de hecho del tribunal sentenciador no aplica cuando la evidencia consiste de prueba documental, prueba pericial o testimonios de testigos ofrecidos mediante declaraciones escritas.   Ante tales situaciones, el tribunal apelativo está en igual posición que el tribunal sentenciador para hacer sus propias determinaciones.   _Castro_ v. _Meléndez_, 82 D.P.R. 573, 576 (1961).   Véanse, además, _Moreda_ v. _Rosselli_, PC de 3 de marzo de 2000, 150 D.P.R.___ (2000), 2000 JTS 69, pág. 950 y;   _Hernández Barreras_ v. _San Lorenzo Construction, Corp._, Op. de 20 de febrero de 2001, 153 D.P.R. ___ (2001), 2001 JTS 22, págs. 877-878.[7]

---

1990 y 1991, de la División de Fotogrametría, de la Autoridad de Carreteras de Puerto Rico.

[7]   En vista de que lo resuelto dispone del recurso no entraremos a discutir los demás errores planteados por los peticionarios.

## V

Por los fundamentos antes expuestos se dictará sentencia revocando la emitida por el Tribunal de Circuito de Apelaciones y devolviendo el caso para que resuelva de forma compatible con lo aquí dispuesto.


Miriam Naveira de Rodón
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Diómedes Ortiz Malavé
Nilda Elba Rodríguez, etc.

    Recurridos

      vi.                        CC-2000-805

Jaime Meaux, Edna Rivera y la
Sociedad legal de gananciales
por ellos compuesta

    Peticionarios

SENTENCIA

San Juan, Puerto Rico a 4 de abril de 2002

      Por los fundamentos expuestos en la Opinión que antecede, se dicta sentencia revocando la emitida por el Tribunal de Circuito de Apelaciones y se devuelve el caso para que éste resuelva de forma compatible con lo allí dispuesto.

      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.

                Carmen E. Cruz Rivera
         Secretaria del Tribunal Supremo Interina