Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **ANGEL M. DIAZ ESTRADA HECTOR BETANCOURT RIVERA**<br><br>Apelados<br><br>v.<br><br>**JOSE O. RIVERA TORRES**<br><br>Apelante | KLAN202300310 | **APELACION**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>**EAC2016-0240**<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta la jueza Mateu Meléndez, el juez Marrero Guerrero y el juez Pérez Ocasio

Pérez Ocasio, juez ponente

### SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece la parte apelante, el José O. Rivera Torres, mediante el recurso de epígrafe, y nos solicita la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Caguas, el 3 de octubre del 2022, notificada el 11 del mismo mes y año. En el referido dictamen, el foro primario declaró *Ha Lugar* una *Demanda* presentada por los apelados, Ángel M. Díaz Estrada y Héctor Betancourt Rivera.

Por los fundamentos que expondremos a continuación, *se confirma* el dictamen apelado.

### I

El 19 de agosto de 2016, los apelados instaron una *Demanda,* posteriormente enmendada el 7 de agosto de 2019, sobre incumplimiento contractual y daños en contra del aquí

---

[1] Véase Orden Administrativa OATA-2023-131del 14 de julio de 2023, donde se designa al Juez Alberto Luis Pérez Ocasio en sustitución del juez Roberto Rodríguez Casillas.

apelante. En el pliego, alegaron que el señor Betancourt Rivera negoció *verbalmente* con el señor Rivera Torres la compraventa de un solar radicado en el Municipio de Caguas por la suma de cien mil dólares ($100,000). Sostuvieron, además, que entraron en posesión y dominio de la propiedad, luego de realizar, el 25 de mayo de 2007, un último pago parcial de quince mil dólares ($15,000), el cual, presuntamente, satisfizo el precio acordado. Adujeron que, ocurrido lo anterior, únicamente, quedaba pendiente la segregación del predio adquirido y la transmisión del título, lo cual acordaron que lo realizaría el apelante. Sin embargo, indicaron que el señor Rivera Torres incumplió con lo acordado, puesto que no fue hasta el 19 de agosto de 2013 que se presentó la solicitud de segregación y, más aún, porque el referido proceso no se había concretado. Además, manifestaron que el apelante le causó daños a la propiedad mueble que se encontraba en el solar y que les ha impedido el acceso al mismo.

En virtud de lo anterior, los apelados solicitaron al tribunal de instancia que condenara al señor Rivera Torres a culminar el proceso de segregación, a elevar la compraventa a escritura pública, para que fuese posible la transmisión del título del solar, y a indemnizarlos por los daños ocasionados.

En reacción, el 20 de diciembre de 2016, el demandante presentó *Contestación a la Demanda y Reconvención.* En el escrito, arguyó que el acuerdo verbal para la compraventa del referido solar fue por la cantidad de ciento cincuenta mil dólares ($150,000), y no por la suma de cien mil dólares ($100,000), como alegaron los apelados. A su vez, afirmó que estos no satisficieron el precio pactado, ni entraron en posesión del inmueble. En su reconvención, solicitó al foro primario que condenara a los

apelados a pagar la cantidad adeudada y a indemnizarle por las angustias mentales sufridas.

Tras varias instancias procesales, el 3 de octubre del 2022, notificada el 11 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Sentencia* que nos ocupa. En la misma, el referido foro manifestó que les confirió entera credibilidad a los testimonios vertidos en juicio, y concluyó que el precio de venta acordado entre el señor Rivera Torres y el señor Betancourt Rivera fue por la suma de cien mil dólares ($100,000). A su vez, resolvió que toda la prueba estableció a satisfacción del Tribunal que el señor Betancourt Rivera comenzó a hacer uso del solar, y que el señor Rivera Torres le impidió el acceso al mismo, de forma que pudiera, disfrutar y disponer de la propiedad como dueño, a pesar de haber satisfecho el precio de venta. Así pues, el foro primario declaró *Ha Lugar* la *Demanda,* y condenó al apelante a otorgar la escritura púbica sobre compraventa del solar, para que se consignara la titularidad de dicho solar a favor de los apelados. En cuanto a la reclamación por daños, el tribunal expresó que ninguna de las partes logró establecer por preponderancia de prueba que se ocasionaron los daños alegados.

Inconforme, y al declararse *No Ha Lugar* una previa *Solicitud de Determinaciones Adicionales de Hechos y Conclusiones de Derecho y Reconsideración,* el 12 de abril del año en curso, la parte apelante acudió ante nos mediante el recurso del epígrafe y realizó los siguientes señalamientos de error:

> Erró el TPI al determinar que el contrato de compraventa verbal entre las partes fue por la cantidad de cien mil dólares ($100,000).
>
> Erró el TPI al declarar que la parte apelada satisfizo el alegado precio acordado de $100,000 dólares [*sic*].
>
> Erró el TPI al no emitir las determinaciones y conclusiones de derecho solicitadas conforme a la prueba desfilada en el juicio en su fondo.

Evaluado lo anterior, el 17 de abril de 2023 le concedimos a la parte apelada un término de treinta (30) días para presentar su alegato conforme a la Regla 22 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 22.

En cumplimiento con lo ordenado, el 19 de mayo de 2023, la parte apelada presentó su *Alegato en Oposición a la Apelación.*

El 22 de mayo de 2023, el señor Rivera Torres presentó una *Moción Informativa,* en la que indicó que *el método de reproducción de la prueba oral a ser utilizado era la transcripción de la prueba oral.*

Tras examinar la moción, el 23 de mayo de 2023, emitimos una Resolución en la que concedimos al apelante diez (10) días para que mostrara causa por la cual no debíamos denegar la solicitud. Ello, debido a que *incumplió* con el término dispuesto en la Regla 19 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 19, para acreditar el método de reproducción de la prueba.

El 1 de junio de 2023, el apelante presentó *una Moción en cumplimiento de Orden* en la que, entre otras cosas, arguyó que la transcripción de la prueba oral era indispensable para disponer del recurso de epígrafe y propiciaría la mayor celeridad de los procedimientos.

Así, pues, el 6 de junio de 2023, emitimos una *Resolución* en la que declaramos *Con Lugar* la solicitud de transcripción de la prueba oral y le *otorgamos un plazo de sesenta (60) días* para presentar la referida transcripción estipulada por ambas partes.

El 9 de agosto de 2023, el señor Rivera Torres presentó una *Moción en Solicitud de Extensión de Término*, en la que nos solicitó un término adicional de treinta (30) días para presentar la transcripción de la prueba estipulada.

Evaluado lo anterior, el 17 de agosto de 2023, le concedimos al apelante *un **término final** de quince (15) día*s para que reprodujera la prueba oral. A su vez, *le apercibimos que, de no comparecer en el término dispuesto, procederíamos a la adjudicación final del recurso.*

A la fecha, han trascurrido aproximadamente cuatro (4) meses desde el último término que le otorgamos al señor apelante para que presentara la transcripción de la prueba oral estipulada, y *no ha cumplido con lo ordenado*, como tampoco ha comparecido ante nos para solicitar una prórroga.

Procedemos a resolver, sin el beneficio de la transcripción de la prueba oral.

## I.

### A. Derecho Contractual

En nuestra jurisdicción rige el principio de la autonomía contractual y pacta sunt servanda. Las partes pueden establecer los pactos, cláusulas y condiciones que tengan por convenientes, siempre que no sean contrarios a las leyes, la moral y al orden público. Artículo 1232 del Código Civil de 2020, 31 LPRA sec. 9753; *Betancourt González v. Pastrana Santiago*, 200 DPR 169, 182 (2018). Los contratos tienen fuerza de ley entre las partes contrayentes, ante sus sucesores y ante terceros quienes vienen obligadas a observar sus términos en la forma que dispone la ley. Artículo 1233 del Código Civil de 2020, 31 LPRA sec. 9754; *MCS Advantage, Inc. v. Fossas Blanco*, 2023 TSPR 8, 212 DPR ___ (2023); *Feliciano v. Luxury Hotels International of Puerto Rico Inc.,* 210 DPR 712, 728 (2022).

Los contratos en Puerto Rico se perfeccionan por el mero consentimiento, y, desde ese momento, las partes se obligan al cumplimiento de lo expresamente pactado y a todas las

consecuencias que, según su naturaleza, sean conformes a la buena fe, al uso y a la ley. Artículo 1237 del Código Civil de 2020, 31 LPRA sec. 9771; *Pérez Rodríguez v. López Rodríguez*, 210 DPR 163, 230 (2022); *Betancourt González v. Pastrana Santiago*, supra, pág. 182. Un contrato existe desde que una o varias personas consienten en obligarse respecto de otra u otras a dar alguna cosa o prestar algún servicio. *Pérez Rodríguez v. López Rodríguez*, supra, pág. 230; *Demeter Int'l v. Srio. Hacienda*, 199 DPR 706, 726-727 (2018). De otra parte, nuestro Tribunal Supremo ha expresado que en las obligaciones contractuales la ley primaria es la voluntad de las partes, y los tribunales no pueden relevar a una parte de cumplir con lo pactado cuando es legítimo y no contiene vicio alguno. *Oriental Financial v. Nieves*, 172 DPR 462, 471 (2007*). De Jesús González v. A.C.*, 148 DPR 255, 271 (1999).

Finalmente es menester señalar que, desde tiempo inmemorial, nuestro ordenamiento jurídico ha otorgado plena eficacia a los *contratos verbales*. En apoyo a lo anterior, nuestro Tribunal Supremo expresó que:

> "[l]a **eficacia** de los contratos no depende de sus formas extrínsecas, sino de la concurrencia de las circunstancias necesarias para su validez, siendo obligatorios, cualquiera que sea la forma de su celebración, sin que su constancia por documento público o privado que para algunos exige la ley, sea requisito esencial para su subsistencia, sino medio coercitivo concedido a los contratantes para compelerse recíprocamente a llenar aquella forma".
>
> *Cintrón v. Fernández,* 22 DPR 483 (1915).

### B. Apreciación de la prueba oral

Sabido es que este Tribunal Apelativo actúa, esencialmente, como foro revisor. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Es por ello que, nuestra encomienda principal es examinar cómo los tribunales inferiores aplican el Derecho a los hechos particulares de cada caso. *Íd.* Cónsono con lo anterior, el

desempeño de nuestra función revisora se fundamenta en que el Tribunal de Primera Instancia desarrolle un expediente completo que incluya los hechos que haya determinado ciertos a partir de la prueba que se le presentó. *Íd.* Es decir, nuestra función de aplicar y pautar el Derecho requiere saber cuáles son los hechos, tarea que corresponde, primeramente, al foro de instancia. *Íd.* Como foro apelativo, no celebramos juicios plenarios, no presenciamos el testimonio oral de los testigos, no dirimimos credibilidad y no hacemos determinaciones de hechos. *Íd.* Esa es la función de los tribunales de primera instancia. *Íd.*

Por el contrario, al momento de analizar prueba documental, prueba pericial o testimonios de testigos ofrecidos mediante declaraciones escritas, estamos en la misma posición que el Tribunal de Primera Instancia. *Ortiz et al. v. S.L.G. Meaux*, 156 DPR 488, 495 (2002). Así, "el Tribunal Apelativo tendrá la facultad para adoptar su propio criterio en la apreciación y evaluación de la prueba pericial, y hasta para descartarla, aunque resulte técnicamente correcta". *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021), citando a *González Hernández v. González Hernández*, 181 DPR 746, 777 (2011). Asimismo, es norma básica que las conclusiones de derecho son revisables en su totalidad por el foro apelativo. *Dávila Nieves v. Meléndez Marín*, supra, pág. 770. Ahora bien, como norma general, los tribunales apelativos aceptan como correctas las determinaciones de hechos de los tribunales inferiores, así como su apreciación sobre la credibilidad de los testigos y el valor probatorio de la prueba presentada en la sala. *Íd.*, pág. 771.

En nuestro ordenamiento jurídico no se favorece la intervención de los foros apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia, en

ausencia de pasión, prejuicio, parcialidad o error manifiesto. *W.M.M. y otros v. Puerto Rico Christian School, Inc. y otros,* 2023 TSPR 48, 211 DPR ___ (2023); *Pueblo v. Hernández Doble,* 210 DPR 850, 866 (2022); *Santiago Ortiz v. Real Legacy et al.,* supra. Ello, debido a que el foro de instancia está en mejor posición que un tribunal apelativo para llevar a cabo esta importante tarea judicial. *Dávila Nieves v. Meléndez Marín,* supra, pág. 771.

En consideración a la norma de corrección que cobija a las determinaciones realizadas por el Tribunal de Primera Instancia, cuando una parte peticionaria señala errores dirigidos a cuestionar la apreciación o suficiencia de la prueba, la naturaleza del derecho apelativo requiere que esta ubique al foro revisor en tiempo y espacio de lo ocurrido en el foro primario. Ello se logra utilizando alguno de los mecanismos de recopilación de prueba oral, como lo son: (1) transcripción de la prueba, (2) exposición estipulada o (3) exposición narrativa. *Pueblo v. Pérez Delgado,* 2023 TSPR 35, 211 DPR ___ (2023). Los tribunales de mayor jerarquía no pueden cumplir a cabalidad su función revisora sin que se le produzca, mediante alguno de estos mecanismos, la prueba que tuvo ante sí el foro primario. *Íd.* Por tanto, "[e]l apelante tiene la obligación de poner en posición al foro apelativo de aquilatar y justipreciar el error anotado". *Morán v. Martí,* 165 DPR 356, 366 (2005).

## II.

La parte apelante aduce que el tribunal incidió en la valoración de la prueba presentada, y al determinar que el contrato verbal entre las partes fue por la suma de cien mil dólares ($100,000). A su vez, sostiene que el referido foro erró al concluir que la parte apelada satisfizo el precio acordado.

Conforme esbozamos en nuestra previa exposición doctrinal, cuando la parte apelante señala errores dirigidos a cuestionar la apreciación o suficiencia de la prueba, esta Curia no puede

cumplir a cabalidad su función revisora sin que se le produzca la prueba oral mediante alguno de los mecanismos de reproducción. *Pueblo v. Pérez Delgado*, supra. Ello, puesto que, como norma general, debemos aceptar como correctas la apreciación que realiza el foro primario sobre la credibilidad de los testigos y el valor probatorio de la prueba presentada. *Dávila Nieves v. Meléndez Marín*, supra, pág. 770.

En virtud de lo anterior, el señor Rivera Torres tenía que ponernos en posición de poder intervenir con la apreciación de la prueba realizada por el juzgador de instancia. No obstante, *a pesar de los múltiples términos concedidos al apelante para que presentara la transcripción de la prueba oral, este incumplió con lo ordenado.* Ante lo acontecido, destacamos que los abogados están obligados a cumplir fielmente con las leyes y reglamentos aplicables para el perfeccionamiento de los recursos, y no debe quedar al arbitrio de estos elegir cuáles normas deben obedecer y cuando. *Soto Pino v. Uno Radio Group, 189 DPR 84, 90 (2013).*

Luego de examinar detenidamente el expediente, nada nos mueve a concluir que, al emitir la determinación que nos ocupa, el foro de instancia incurrió en pasión, prejuicio, parcialidad o error manifiesto. *W.M.M. y otros v. Puerto Rico Christian School, Inc. y otros* supra. Así, pues, resulta forzoso confirmar la *Sentencia* apelada.

**IV**

Por los fundamentos que anteceden, *confirmamos* el dictamen apelado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones
