ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| PEDRO LUIS RAMOS FRANQUI Y OTROS<br><br>Apelante<br><br>v.<br><br>BONANCIO SIERRA MONGROIG Y OTROS<br><br>Apelada | **KLAN202301122** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Arecibo<br><br>Civil Núm. CM2022CV00230<br><br>Sobre: Expediente de Dominio Contradictorio (Usucapión) |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de mayo de 2024.

Comparecen el Sr. Pedro Luis Ramos Franqui y su esposa, la Sra. Olga Iris Adorno Malavé (en conjunto, los apelantes), y nos solicitan la revisión de una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, notificada el 17 de octubre de 2023. Mediante el aludido dictamen, el foro primario declaró *No Ha Lugar* a la demanda de usucapión y como consecuencia, desestimó el caso de autos.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** la *Sentencia* apelada.

### I.

El 12 de marzo de 2022, el señor Ramos y la señora Adorno presentaron una *Demanda* sobre expediente de dominio contradictorio y usucapión.[1] En esencia, alegaron que adquirieron mediante prescripción adquisitiva extraordinaria, el dominio del inmueble

---

[1] *Demanda*, anejo VI, págs. 21-35 del apéndice del recurso.

ubicado en el Municipio de Camuy, puesto que, desde hace más de veinte (20) años han estado en su control y dominio.

Conforme a la alegacion número 3 y 4 de la demanda, los apelantes aseveraron que, el 15 de diciembre de 2020, el ingeniero Gilberto González Cordero, con licencia número 9463, preparó un plano de mensura para delimitar el predio sobre el cual reclaman titularidad mediante prescripción adquisitiva.[2] El referido plano de mensura refleja la siguiente descripción:

> RÚSTICA: Un predio de terreno ubicado en PR-2 Km. 90.4 Int., a 2.43 Km al Sur en Camino Municipal Pipo Crespo en el Barrio Zanja Sector Pipo Crespo, del término municipal de Camuy, Puerto Rico. Con una cabida de 4,368.30 metros cuadrados. Lindes por el NORTE con Pedro Luis Ramos Franqui, Carmen J. Crespo Arbelo, Elsa Sotomayor Harrison, Letilda Vázquez Vargas; al SUR con Gabriel Díaz Rodríguez, al ESTE con Víctor M. Sierra Monroig; al OESTE con Anival Monserrate Terrón Ruiz.

Asimismo, arguyeron que son colindantes con la finca antes descrita, y que la han poseído mediante "actos de dominio y posesión de forma pública, pacífica e ininterrumpida por más de 30 años," mediante la siembra y cosecha de frutos, mantenimiento, limpieza, cercado, y se encontraban realizando trámites con el CRIM para asumir las contribuciones sobre la finca. Por lo anterior, sostuvieron que adquirieron la propiedad por usucapión y solicitaron al tribunal que los declarara dueños y emitiera una orden para inscribir la propiedad a su favor en el Registro de la Propiedad.

Luego de varias incidencias procesales, incluyendo la expedición de los emplazamientos y citación a las

---

[2] *Certificación de Mensura*, anejo XXVII, págs. 92-93 del apéndice del recurso.

partes con interés, el 4 de noviembre de 2022, fue celebrada la vista en su fondo, a la cual no compareció la parte demandada y le fue anotada la rebeldía.[3] Conforme surge de la minuta, el Ministerio Público argumentó que no surge del expediente que le hayan notificado sobre dicho procedimiento a Bonancio Sierra Monroig, o algún heredero de éste. No obstante, añadió, que, con la prueba presentada por los apelantes no tiene objeción a lo solicitado, aunque quedaba a discreción del foro primario. El foro *a quo* les concedió 30 días a los apelantes para que presentaran un proyecto de sentencia.

En cumplimiento con la referida orden, el 5 de diciembre de 2022, los apelantes presentaron el proyecto de sentencia.[4]

El 11 de septiembre de 2023, los apelantes instaron *Moción para que se Dicte Sentencia*.[5] En síntesis, arguyeron que el foro primario no había dictado *Sentencia*, y que sin ella no podían culminar con los trámites administrativos y pagos de contribución en el CRIM.

El 27 de septiembre de 2023, el foro primario notificó una *Orden*, mediante la cual señaló que emitiría una *Sentencia*.[6]

Luego de evaluar la solicitud de los apelantes, el 17 de octubre de 2023, el foro de instancia notificó la *Sentencia* apelada.[7] Mediante el referido dictamen, declaró *No Ha Lugar* a la *Demanda*, y como consecuencia,

---

[3] *Minuta*, anejo XXX, pág. 106 del apéndice del recurso.
[4] *Moción Informativa en Cumplimiento de Orden*, anejo XXXII, págs. 108-118 del apéndice del recurso.
[5] *Moción para que se Dicte Sentencia,* anejo XXXIV, págs. 120-121 del apéndice del recurso.
[6] *Orden*, anejo XXXV, pág. 122 del apéndice del recurso.
[7] *Sentencia,* anejo XXXVI, págs. 123-128 del apéndice del recurso.

la desestimó. En su dictamen, formuló las siguientes determinaciones de hecho:

1. Los demandantes Pedro Luis Ramos Franqui y Olga Iris Adorno Malavé están casados entre sí, bajo el régimen de la sociedad legal de gananciales.

2. Los demandantes llevan residiendo 40 años en el Barrio Zanjas, Sector Pipo Crespo, Carretera 486 Interior, Camuy, Puerto Rico.

3. Los demandantes son colindantes de la siguiente propiedad:

Predio de terreno ubicado en PR-2 Km. 90.4 Int., a 2.43 Km al Sur en Camino Municipal Pipo Crespo en el Barrio Zanja Sector Pipo Crespo, del término municipal de Camuy, Puerto Rico. Con una cabida de 4,368.30 metros cuadrados. Lindes por el NORTE con Pedro Luis Ramos Franqui, Carmen J. Crespo Arbelo, Elsa Sotomayor Harrison, Letilda Vázquez Vargas; al SUR con Gabriel Díaz Rodríguez, al ESTE con Víctor M. Sierra Monroig; al OESTE con Anival Monserrate Terrón Ruiz.

4. La propiedad antes descrita no consta inscrita en el Registro de la Propiedad de Puerto Rico.

5. En su testimonio el señor Ramos Franqui reconoce que no tiene título alguno sobre dicho terreno. Indica que le ha dado mantenimiento al terreno y sembrado árboles. Ha cercado el terreno y ha realizado actos de dominio sobre el mismo.

6. Indicó que sobre dicha finca lleva ejerciendo actos de dominio y administración por **más de 20 años.**

7. Según el mejor saber y entender del señor Ramos Franqui, el o los dueños de la propiedad lo eran el señor Bonancio Sierra o la Sucesión de Bonancio Sierra. Los demandantes hicieron gestiones para verificar si lograban conseguir los dueños de la propiedad, siendo infructuosa la gestión.

8. En el testimonio vertido por la Sra. Olga Iris Adorno Malavé, ésta reiteró lo vertido por el señor Ramos Franqui.

9. La señora Adorno Malavé indicó expresamente que llevan más de **20 años** ejerciendo el dominio sobre la propiedad previamente descrita.

10. La parte demandante indicó que tenía disponible para declarar al hijo de los demandantes, el Sr. Pedro Luis Ramos Adorno y uno de los vecinos, el Sr. Juan Martín Rosario Uballe. En ambos casos la representación legal de la demandante indicó que se trataría de prueba acumulativa y los puso a disposición del Ministerio Público y del tribunal.

11. En ese sentido el tribunal escuchó el testimonio del señor Rosario Uballe. Este reiteró lo vertido por los demandantes.

12. El señor Rosario indicó que lleva residiendo en el lugar cerca de los demandantes y del predio de terreno en controversia por espacio de 51 años. Indicó que llegó a residir al lugar previo a que llegaran los demandantes.

13. En el tiempo que lleva residiendo en el lugar, nunca ha conocido a los presuntos dueños del predio de terreno, entiéndase el Sr. Bonancio Sierra o su sucesión.

14. El señor Rosario indica que siempre ha observado a los demandantes ejerciendo los actos de dominio sobre la propiedad **por más de 20 años.**

15. Culminada el desfile de prueba por la parte demandante, el Ministerio Público expresó su objeción a la petición. Indicó que a su juicio los demandantes no realizaron los esfuerzos razonables para dar con los presuntos dueños de la propiedad o sus herederos. Indica, sin embargo, que reconoce que los requerimientos de notificación y emplazamientos se cumplieron.

El foro primario indicó que, aunque los apelantes demostraron tener la posesión del bien inmueble en concepto de dueño, de manera pública y pacífica, no lograron cumplir con el término requerido por el Código Civil de 1930, es decir 30 años. Puesto que, en el caso de autos el término de tiempo requerido no es el dispuesto en el Artículo 777 del Código Civil de 2020, sino el dispuesto en el Artículo 1859 del Código Civil de 1930. Resaltó que, "[…] el dominio de una propiedad que disfruta una persona al momento de entrar en vigor el Código Civil de 2020, no puede afectarse por la

reducción del término dispuesto en favor del usucapiente."

En desacuerdo, el 1 de noviembre de 2023, los apelantes presentaron una *Moción Solicitando Reconsideración al Amparo de la Regla 47 de Procedimiento Civil*.[8] Sin embargo, fue declarada *No Ha Lugar* por el foro primario el 14 de noviembre de 2023, notificada al día siguiente.[9]

Aún inconforme, los apelantes presentaron el recurso que nos ocupa y señalaron los siguientes errores:

> PRIMER ERROR:
> ERRÓ MANIFIESTAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE ARECIBO, AL DECLARAR NO HA LUGAR LA DEMANDA Y DESESTIMAR EXPRESANDO EN PARTE, Y CITAMOS: "VISTA LA PRUEBA PRESENTADA, SE HA ESTABLECIDO QUE LOS DEMANDANTES HAN EJERCIDO LA POSESIÓN EN CONCEPTO DE DUEÑOS DE LA FINCA OBJETO DE ESTA CONTROVERSIA POR MÁS DE 20 AÑOS."

> SEGUNDO ERROR:
> ERRÓ MANIFIESTAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE ARECIBO, AL DESESTIMAR LA DEMANDA SIN TOMAR EN CONSIDERACIÓN LAS ALEGACIONES CONTENIDAS EN LA DEMANDA, SOBRE TODO LA ALEGACIÓN NÚMERO 15 DONDE LOS DEMANDANTES EXPRESARON BAJO JURAMENTO QUE HAN SIDO POSEEDORES DEL SOLAR Y LA ESTRUCTURA POR MÁS DE 30 AÑOS EN CONCEPTO DE DUEÑOS.

> TERCER ERROR:
> ERRÓ MANIFIESTAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE ARECIBO, AL INTERVENIR DE FORMA ACTIVA EN EL DESFILE DE LA PRUEBA HACIENDO PREGUNTAS A LOS DEMANDANTES DE FORMA TAL QUE LO INDUJO A ERROR EN SUS RESPUESTAS DURANTE EL JUICIO, LO QUE SIGNIFICA UN ABUSO DE DISCRECIÓN POR PARTE DEL TRIBUNAL.

> CUARTO ERROR:
> ERRÓ MANIFIESTAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE ARECIBO, AL INTERVENIR DE FORMA ACTIVA EN EL DESFILE DE LA PRUEBA HACIENDO PREGUNTAS A LOS DEMANDANTES DE FORMA TAL QUE NO TAN SÓLO SE CONVIRTIÓ EN ABOGADO DE PARTE A FAVOR DEL MINISTERIO

---

[8] *Moción Solicitando Reconsideración al Amparo de la Regla 47 de Procedimiento Civil,* anejo I, págs. 1-12 del apéndice del recurso.
[9] *Resolución*, anejo II, págs. 13-14 del apéndice del recurso.

PÚBLICO, SINO QUE NO MANTUVO LA POSTURA DE IMPARCIALIDAD COMO ENTE JUZGADOR ANTE UNA CONTROVERSIA TRAÍDA A SU CONSIDERACIÓN VIOLENTANDO EL DERECHO AL DEBIDO PROCESO DE LEY DE LOS DEMANDANTES.

El 10 de enero de 2024, emitimos una *Resolución* a la parte apelada, concediéndole el termino dispuesto en nuestro Reglamento para que presentara su alegato en oposición.

El 14 de abril de 2024, el Ministerio Público presentó *Comparecencia Especial y Solicitud de Relevo de Órdenes*. Mediante esta, solicitó que fueran relevados, puesto que carecen de legitimación activa para reclamar o proteger derechos de terceros en el caso de autos.

Así las cosas, el 21 de marzo de 2024, emitimos una *Resolución*, en la cual declaramos *Ha Lugar* la solicitud instada por el Ministerio Público.

Posteriormente, los apelantes presentaron una *Moción sobre Alegato Suplementario*.

Transcurrido el término dispuesto en nuestro Reglamento para que la parte apelada presentara un alegato en oposición, sin que este presentara alguna comparecencia, declaramos perfeccionado el recurso de autos. Consecuentemente, procedemos a disponer del recurso.

## II.

### A.

El Artículo 1814 del Código Civil de Puerto Rico de 2020, dispone lo siguiente respecto a los términos prescriptivos de caducidad y usucapión:

> Los términos prescriptivos, de caducidad o de usucapión que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración dispuesta en la legislación anterior; pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la

determinada en este.  Art. 1814 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11719.

Establecido lo anterior, el Artículo 280 del Código Civil de 1930, dispone que uno de los derechos reales reconocidos en nuestro ordenamiento civil es el derecho de propiedad o dominio.  Art. 280 del Código Civil de Puerto Rico de 1930, 31 LPRA ant. sec. 1111.[10]  Asimismo, dispone que, "[l]a propiedad es el derecho en virtud del cual una cosa pertenece en particular a una persona con exclusión de cualquier otra.  La propiedad concede el derecho de gozar y disponer de las cosas sin más limitaciones que las establecidas en las leyes." *Íd*.

A su vez, el Artículo 549 del Código Civil de 1930 establece que el derecho de propiedad se adquiere por la ocupación, pero también puede adquirirse por medio de la prescripción.  Art. 549 del Código Civil derogado, 31 LPRA ant. sec. 1931.  En cuanto a este último modo de adquirir la propiedad, se señala que "por la prescripción se adquieren, de la manera y con las condiciones determinadas en la ley, el dominio y los demás derechos reales.  También se extinguen del propio modo por la prescripción los derechos y las acciones, de cualquier clase que sean."  Art. 1830 del Código Civil de 1930, 31 LPRA ant. sec. 5241.

Al respecto, el profesor Vélez Torres afirma que la prescripción adquisitiva del dominio o usucapión resulta como:

> […] una consecuencia de la posesión civil mantenida durante un determinado número de años. Consiste en la adquisición del dominio u otro derecho real posible por medio de la posesión civil mantenida

---

[10] Mediante la Ley Núm. 55-2020 se aprobó el nuevo Código Civil.  No obstante, los hechos del caso tienen su génesis en momentos previos a la vigencia del nuevo cuerpo procesal, por lo que procede la aplicación de las disposiciones del derogado Código Civil de 1930.

durante el tiempo y con arreglo a las condiciones que requiere la ley. Constituye un modo originario de adquirir la propiedad y otros derechos reales, pues el adquirente no deriva su derecho de un anterior dueño mediante un acto traslativo del derecho, como lo sería un contrato o un testamento, sino que adquiere por el solo hecho de poseer en determinado concepto (como dueño, usufructuario, titular de un predio dominante, etc.), durante determinado periodo de tiempo. J.R. Vélez Torres, *Curso de Derecho Civil: Los Bienes, Los Derechos Reales*, Madrid, Offirgraf, S.A., 1997, Tomo II, pág. 263.

Es pertinente mencionar, que para que se configure la usucapión, "es indispensable que estemos ante una cosa o un derecho susceptible de apropiación por un tiempo determinado y según las condiciones que dicta la ley." *Bravman, González v. Consejo de Titulares*, 183 DPR 827, 838, (2011).

La usucapión puede ser de dos clases, ordinaria o extraordinaria, y en ambas "requieren que exista una posesión ininterrumpida, pública, pacífica y en concepto de dueño por el término fijado en la ley." *Bravman, González v. Consejo de Titulares*, supra, pág. 838. Específicamente, la usucapión ordinaria "requiere la posesión mediante la concurrencia de buena fe y justo título junto al transcurso de diez años según un tiempo fijado por la ley." *Íd*.

En cambio, la prescripción adquisitiva extraordinaria "no requiere el elemento de buena fe ni de justo título, por lo que se le requiere al poseedor un término más prolongado para que pueda adquirir la cosa o el derecho. En ésta el término requerido es de treinta años para los bienes inmuebles." *Bravman, González v. Consejo de Titulares*, supra, pág. 839. Requiere, además, que la posesión sea una civil y no natural; es decir, no bastará la mera tenencia de una

cosa o un derecho y su disfrute, como ocurre para la posesión natural, sino que es necesario que dicha tenencia esté unida a la intención de hacer suya la cosa o el derecho que se esté poseyendo. *Suc. Maldonado v. Suc. Maldonado*, 166 DPR 154, 183 (2005).

Respecto a la usucapión extraordinaria, el tratadista Ramón Roca-Sastre explica lo siguiente:

> Lo que usualmente se califica de prescripción extintiva *secundum tabulas* no es propiamente una prescripción apoyada fundamentalmente en el Registro, sino una prescripción que se produce extra registralmente, pero cuyo resultado extintivo viene a coincidir con el contenido registral, consistente generalmente en una cancelación indebida de un derecho real en cosa ajena. R. Roca-Sastre, *Derecho Hipotecario, Fundamentos de la Publicidad Registral*, 8.a ed. rev., Barcelona, Ed. Bosch, 1995, T. II, pág. 565.

Por su parte, el profesor Luis R. Rivera Rivera añade que quien haya inscrito su título goza de la presunción de que ha poseído pública, pacífica, ininterrumpidamente y de buena fe durante el tiempo de vigencia del asiento y de los de sus antecesores de quienes traiga causa. L. R. Rivera-Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 3.a ed. rev., San Juan, Ed. Jurídica Editores, 2012, págs. 59-60. Esto significa que el titular registral queda favorecido y el tiempo para calcular el término de la usucapión extraordinaria se computará a base de la vigencia del asiento de inscripción. *Íd*.

**B.**

En materia de apreciación de prueba, los foros apelativos debemos brindar deferencia a las determinaciones de hechos formuladas por el foro judicial primario. *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 740 (2007); *Rolón v. Charlie Car Rental, Inc.*,

148 DPR 420, 433 (1999). La norma general es que, si la actuación del foro *a quo* no está desprovista de una base razonable y no perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de primera instancia, a quien le corresponde la dirección del proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Así, el Tribunal de Apelaciones evitará variar las determinaciones de hechos del foro sentenciador, a menos que medie pasión, prejuicio, parcialidad o error manifiesto. Regla 42.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013); *Ramírez Ferrer v. Conagra Foods PR*, 175 DPR 799, 817 (2009). Sobre el particular, nuestro Tribunal Supremo ha expresado que:

> Una de las normas más conocidas en nuestro ordenamiento jurídico es que los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín*, supra, pág. 753.

Esta norma de autolimitación judicial cede cuando "un análisis integral de [la] prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia; correspondiéndole al apelante de manera principal señalar y demostrar la base para ello." *Pueblo v. Cabán Torres,* 117 DPR 645, 648 (1986).

Como foro apelativo no debemos intervenir con las determinaciones de hechos, ni con la adjudicación de credibilidad que hace un Tribunal de Primera Instancia y sustituir mediante tal acción su criterio, por el

nuestro.  *Rivera Menéndez v. Action Services*, 185 DPR 431, 448-449 (2012); *SLG Rivera Carrasquillo v. A.A.A.,* 177 DPR 345, 356 (2009).  Así, la apreciación que hace el foro primario merece nuestra deferencia, toda vez que es quien tiene la oportunidad de evaluar directamente el comportamiento de los testigos y sus reacciones.  En fin, es el único que observa a las personas que declaran y aprecia su *demeanor*.  *Ramírez Ferrer v. Conagra Foods PR*, supra; *Trinidad v. Chade*, 153 DPR 280, 291 (2001); *Ramos Acosta v. Caparra Dairy Inc.*, 113 DPR 357, 365 (1982).

En fin, como norma general, no intervendremos con la apreciación de la prueba realizada por el Tribunal de Primera Instancia.  Regla 42.2 de las de Procedimiento Civil, *supra*; *Rivera Menéndez v. Action Services*, supra, pág. 448-449; *Monllor Arzola v. Sociedad de Gananciales*, 138 DPR 600, 610 (1995).  No obstante, si de un examen de la prueba, se desprende que el juzgador descartó injustificadamente elementos probatorios importantes o fundó su criterio en testimonios improbables o imposibles, se justifica nuestra intervención.  C. *Brewer PR, Inc. v. Rodríguez,* 100 DPR 826, 830 (1972). Ello, sin obviar la norma que establece que un tribunal apelativo no puede dejar sin efecto una sentencia cuyas conclusiones encuentran apoyo en la prueba desfilada. *Sánchez Rodríguez v. López Jiménez*, 116 DPR 172, 181 (1985).

En cuanto a la apreciación de testimonio pericial, los criterios para adjudicarle valor probatorio se encuentran codificados en la Regla 702 de Evidencia, 32 LPRA Ap. VI, R. 702, que dispone lo siguiente:

> Cuando conocimiento científico, técnico o especializado sea de ayuda para la juzgadora o el juzgador poder entender la prueba o determinar un hecho en controversia, una persona testigo capacitada como perita —conforme a la Regla 703— podrá testificar en forma de opiniones o de otra manera.
>
> El valor probatorio del testimonio dependerá, entre otros, de:
> (a) Si el testimonio está basado en hechos o información suficiente;
> (b) si el testimonio es el producto de principios y métodos confiables;
> (c) si la persona testigo aplicó los principios y métodos de manera confiable a los hechos del caso;
> (d) si el principio subyacente al testimonio ha sido aceptado generalmente en la comunidad científica;
> (e) las calificaciones o credenciales de la persona testigo, y
> (f) la parcialidad de la persona testigo.
>
> La admisibilidad del testimonio pericial será determinada por el tribunal de conformidad con los factores enumerados en la Regla 403.[11]

A nivel apelativo, cuando se trata de evaluar prueba pericial y documental, los tribunales revisores estamos en igual posición que el Tribunal de Primera Instancia. *Ortiz, et al. v. SLG Meaux*, 156 DPR 488, 495 (2002). Sobre este particular, se exceptúan de la regla de deferencia las determinaciones de hechos que se apoyan exclusivamente en prueba documental o pericial. *González Hernández v. González Hernández*, 181 DPR 746 (2011).

Es necesario destacar que, cuando la parte apelante cuestiona ante este Tribunal de Apelaciones aquellas determinaciones de hechos del foro primario que estén basadas en su apreciación de prueba oral, tiene la responsabilidad de tramitar y presentarnos una

---

[11] La Regla 403 de Evidencia, 32 LPRA Ap. VI, R. 403. versa sobre "Evidencia pertinente excluida por fundamentos de perjuicio, confusión o pérdida de tiempo".

transcripción. A tales efectos, el Reglamento de este foro revisor dispone lo siguiente:

> (A) Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba.

> (B) La parte apelante deberá acreditar, dentro del término de diez días siguientes a la presentación de la apelación, que el método de reproducción de la prueba oral que utilizará es el que propicia la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos. Regla 19 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 19.

## III.

En el caso de autos, los apelantes formularon cuatro señalamientos de error. En los primeros dos errores señalados, alegan que incidió el foro primario al desestimar la demanda y no tomar en consideración que han sido poseedores del solar y la estructura por más de 30 años.

En esencia, sostienen que lograron establecer que poseyeron "el inmueble en calidad de dueño, de forma pacífica, pública e ininterrumpidamente por más de 20 años, y eso puede significar cualquier periodo mayor de 20, pero nunca 20 años en específico." Sobre este particular, el foro primario concluyó que, en efecto, los apelantes han ejercido la posesión en concepto de dueños del bien inmueble por más de 20 años, sin embargo, dicho término no es suficiente para que se perfeccione la usucapión, al amparo del Artículo 1859 del Código Civil de 1930.

Durante la celebración de la vista en su fondo, la representación legal de los apelantes le preguntó al

señor Ramos que cuánto tiempo llevaban haciendo "actos de administración" sobre la finca objeto de la presente controversia, y su respuesta fue "aproximadamente como 20 años".[12] En el turno del Fiscal Ismael J. Ortiz Roldán, le preguntó si recordaba en qué año aproximadamente comenzaron a ejercer actos de dominio, pero el señor Ramos no recordó.[13] Posteriormente, los apelantes establecieron que llevaban más de 20 años, sin embargo, no pudieron especificar desde qué fecha comenzaron a ejercer la posesión de la finca.

Conforme al derecho antes expuesto, y aplicable al caso de autos, el término de la prescripción adquisitiva ya estaba transcurriendo al momento de entrar en vigor el Código Civil de 2020. Por lo tanto, el término aplicable al caso es el del Código Civil de 1930, es decir, 30 años. En consecuencia, para usucapir el bien inmueble objeto de esta controversia, los apelantes tenían que probar que la habían poseído ininterrumpidamente, pública, pacífica y en concepto de dueño por **más de 30 años.**

Además, no tenemos un año en específico desde que los apelantes han ejercido la posesión de la finca, para poder calcular el término prescriptivo de usucapión. El que solamente indiquen que llevan más de 20 años, no es suficiente para que se perfeccione la usucapión a su favor; aun así, no es el término exigido según la legislación vigente al momento de los hechos. Consecuentemente, la reclamación de los apelantes es prematura.

---

[12] Véase, pág. 12, líneas 20-22 de la Transcripción de la Prueba Oral.
[13] Véase, pág. 20, líneas 9-15 de la Transcripción de la Prueba Oral

De otra parte, los apelantes por medio de los señalamientos de error tercero y cuarto cuestionan que el foro primario, durante el juicio, intervino con la apreciación de la prueba presentada, así como, que tampoco mantuvo una postura de imparcialidad como ente juzgador.

De una lectura de la transcripción presentada, así como del expediente ante nuestra consideración demuestra que el foro primario aseguró la pureza de los procedimientos. El foro apelado les brindó amplia oportunidad a ambas partes a exponer su posición, realizó preguntas para esclarecer hechos, como también consultó con el Ministerio Público, y con la representación legal de los apelantes. En fin, fue un juzgador justo e imparcial. Este señalamiento de error no fue cometido, y no amerita ulterior consideración.

En mérito de todo lo anterior, sostenemos lo resuelto por el Tribunal de Primera Instancia.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones